IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAWN CHAMBERLAIN, ) <br> ) <br> Defendant. ) | Crim. No. 13-25-LPS |

### MEMORANDUM ORDER

At Wilmington, this 21st day of July, 2016, the Court having considered Defendant Dawn Chamberlain's ("Defendant") Motion for Modification of Restitution (D.I. 68);

IT IS HEREBY ORDERED that, for the reasons set forth below, Defendant's motion) is **DENIED**:

1. On November 19, 2013, Defendant pled guilty to two counts of the Indictment: mail fraud, a violation of 18 U.S.C. § 1341, and filing false claims, a violation of 18 U.S.C. § 287. (*See* D.I. 37) Defendant's plea agreement recites:

> If the defendant cannot pay the ***special assessment***, or if the Court orders the payment of any fine as part of the defendant's sentence, and the defendant is incarcerated as part of the sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons [("BOP")] administered program known as the Inmate Financial Responsibility Program [("IFRP")], through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

(*Id.* at 4-5) (emphasis added)

2. On August 14, 2014, Defendant was sentenced to 51 months imprisonment

followed by three years of supervised release. (D.I. 65 at 2-3) Defendant was ordered to pay a special assessment of $200.00 and to pay restitution in the amount of $833,160.00. (*Id.* at 5) Defendant's special assessment and restitution obligations were made due immediately. (*Id.*) Nothing in the judgment required Defendant to participate in the IFRP. (*See id.*) Defendant, however, must make payments of no less than $300 per month while serving her term of supervised release. (*Id.* at 6) Defendant's judgment also recites: "Upon request to the United States Probation Office, the Court will consider whether an adjustment to the amount of restitution payments due upon commencement of the Defendant's term of Supervised Release is warranted at the time in which Defendant commences the term of Supervised Release." (*Id.*)

3. On December 10, 2015, Defendant filed her motion, requesting her restitution payments be "deferred until after [her] release" from custody. (D.I. 68 at 1) Defendant generally contends that the income she receives while incarcerated makes her unable to make payments towards her restitution obligation, as calculated by her unit team at the institution at which she is presently incarcerated, FPC Alderson. (*Id.*) Moreover, Defendant contends that language contained in her judgment regarding an adjustment to the amount of restitution payments during her term of Supervised Release amounts to a "deferment option." (*Id.*)

4. On December 17, 2015, the government filed a Response. (*See* D.I. 70 at 1) The government points out that Defendant's participation in the IFRP is not required by her judgment or plea agreement for purposes of her restitution obligations. (*Id.*)

5. Pursuant to 28 C.F.R. § 545.10, the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations." BOP staff members assist inmates in developing financial plans and monitor inmates' progress towards satisfying court ordered

2

financial obligations. *See* 29 C.F.R. § 545.11. The IFRP is not mandatory. *See United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2012). However, lack of participation in the IFRP can result in the inability to obtain certain prison benefits. *See* 28 C.F.R. § 545.11(d).

6. Defendant's requested relief – modification of her IFRP payment schedule – is a challenge to the execution of her sentence. *See McGee v. Martinez*, 627 F.3d 933, 936–937 (3d. Cir. 2010) ("IFRP is therefore part of the Bureau's means of "executing" the sentence . . . ."). In order to seek such relief, Defendant must bring a claim under 28 U.S.C. § 2241 in the district where her sentence is being carried out. *See Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002). Accordingly, this Court lacks jurisdiction to provide the relief requested.

Therefore, Defendant's motion (D.I. 68) is DENIED.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE